UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

IN RE:
    RAYMOND L. JACKSON                        BK-10-13978 K
                Debtor(s)

SIR OR MADAM: Take notice that an ORDER, of which the within is a copy, submitted in the within entitled action for the signature of the Bankruptcy Judge on    OCT 25 2010 and to be entered in the Clerk's Office of the United States Bankruptcy Court, Western District of New York immediately upon such signing.

    Please read the Order carefully and be certain that you fully understand its terms. Pay special attention to the provisions specifying the amount to be paid by the debtor to the Trustee (please note that the payments called for by the plan should already have begun and must continue until further notification from this office); the percentage to be repaid to the unsecured category of creditors; and the claims that are listed as secured up to the amount set forth next to them.

    If any portion of this Order is not in accord with your understanding of the case, you should seek to vacate the Order at once, bearing in mind that under the Federal Rules an order is final ten days after its date of entry. (If you call the Trustee's office at once, it is even possible you might be able to intercept the Order before it is signed and entered in the Court).

    It is suggested that any debtor who questions any aspect of this Order first contact his attorney to discuss the potential problem with counsel prior to making formal objection. However, if counsel cannot be reached or if for any reason the debtor desires to take immediate action, this suggestion should in no way be construed as denigrating debtor's right to object personally to any portion of the Order.

Attorneys especially should note, <u>inter alia</u>, that if a judgment creditor is listed as "unsecured" because the judgment lien would impair the exemption in real property to which the debtor is otherwise entitled or because the judgment is for any other reason voidable, it is incumbent upon debtor's attorney to make formal written motion before the Court to avoid such lien under 11 USC 522(f)(1) or other applicable Code section. Failure to do so will mean that the lien will survive the ultimate discharge in the case.

Please note further that in about three to four months you will be receiving a "Motion to Allow Claims" and "Order Approving Claims" (hereinafter the "Motion") which will set forth in greater detail the claims that have been filed and the proposed method of paying such claims. It is imperative that you review the Motion carefully and be satisfied that the claims are being paid in accordance with your understanding of the Chapter 13 Plan. If you feel that a claim is not properly listed, it is the responsibility of the debtor and/or attorney to make formal objection to the pertinent portion of the Motion, or in the alternative, to file a claim on behalf of a creditor who has not done so. (An explanatory memo fully delineating the responsibilities of debtor and counsel with regard to the Motion is available upon request from the Chapter 13 Trustee's Office.)

ALBERT J. MOGAVERO
CHAPTER 13 TRUSTEE
U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO, NY 14202

TO: Debtor(s)
    Attorney:

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
IN RE                                                    ORDER CONFIRMING
                                                         CHAPTER 13 PLAN
RAYMOND L. JACKSON                                       BK: 10-13978 K

                            Debtor(s)
---------------------------------------------------------------

    A Petition, Plan, Statement, Schedule of Exempt Property and other required forms and schedules were filed by the Debtor(s) under Chapter 13 of the Bankruptcy Code, and a meeting of creditors has been conducted upon due notice pursuant to Title 11, United States Code, Section 341, at which the Chapter 13 Trustee, the Debtor(s) and the attorney for the Debtor(s) were present and creditors or representatives of creditors were afforded an opportunity to be heard.

    A hearing on confirmation of the Plan has been held upon due notice pursuant to Title 11, United States Code, Section 1324 on Oct. 25, 2010 . The Court has heard and determined all objections to the confirmation and to the Debtor's(s') Schedule of Exempt Property and has considered the plan as proposed or modified, the Trustee's Report and the testimony of the Debtor(s).

    The Court, therefore, finds:

    (1) The Plan complies with the provisions of Chapter 13, Title 11, United States Code, and other applicable provisions of Title 11;
    (2) All fees, charges or amounts required under Chapter 123 of Title 23, or by the Plan, to be paid before confirmation have been paid;
    (3) The Plan has been proposed in good faith [the Court having considered the standards set forth In Re Johnson (1983, CA 2 NY) 708 Fed 2d 865] and not by any means forbidden by law;
    (4) The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor(s) were liquidated under Chapter 7 of Title 11 on such date;
    (5) With respect to each allowed secured claim provided for by the Plan:

        (a) The holder of each such claim has accepted the Plan; or
        (b) The Plan provides that the holder of each such claim retain the lien securing such claim, and the value, as of the effective date of the Plan on account of such claim is not less than the allowed amount of such claim; or
        (c) The Debtor(s) has agreed to surrender the property securing such claim to the holder thereof;
    (6) The Debtor(s) will be able to make all payments under the Plan to comply with the Plan; and
    (7) There are presently pending no objections to confirmation of the Plan or the Debtor's(s') Schedule of Exempt Property.

    It is, accordingly, ORDERED that:

    (1) The Debtor's(s') Plan under Chapter 13 of the Bankruptcy Code, as proposed or modified, annexed hereto and made a part hereof, is confirmed.
    (2) Except for emergency medical or hospital care, the Debtor(s) shall not incur any new debts over $250.00 outside the ordinary course of the Debtor's(s') financial affairs or business without the prior approval of the Trustee unless such prior approval is impracticable and therefore cannot be obtained; approval of the Court is not required.
    (3) Except as provided by specific Order of the Court, all entities are and continue to be subject to the provisions of Section 362 Title 11 of the United States Code, insofar as they are stayed or enjoined from

commencing or continuing any proceeding or matter, or taking any actions against the Debtor(s) or the Debtor's(s') estate, as the same is defined by Section 362, and subject to the provisions of Section 1301, Title 11, United States Code, insofar as they are stayed or enjoined from commencing or continuing any proceeding or matter against a co-debtor, as the same is defined by Section 1301.

The provisions of the Plan bind the Debtor(s) and each creditor, whether or not the claim of such creditor is provided for by the Plan, and whether or not such creditor has objected to, has accepted, or has rejected the Plan.

(4) Albert J. Mogavero is appointed Trustee of the said estate.

(5) The debtor(s) shall forthwith and until further order of the Court pay to the Trustee the sum of $__955__ per __month__.

(6) A fee of $__2274__ is allowed the attorney for the Debtor(s) herein for all services rendered in connection with this Plan, except as otherwise ordered and allowed by the Court.

(7) From the Debtor's(s') funds, the Trustee is directed to make payments in the following order.
  (a) Filing fee to the Clerk, U.S. Bankruptcy Court (if unpaid);
  (b) Retain at all times sufficient funds to pay all other accrued administrative expenses;
  (c) The unpaid balance of the above-described fee to the Debtor's(s') attorney;
  (d) Secured claims as hereinafter set forth:

| CREDITOR | SECURED VALUE | MONTHLY PMTS. | INTEREST RATE |
|---|---|---|---|
| Tn/Tonawanda | tax arrears (full) | to be set | — |
| Kay Jewelers | full security | to be set | 3.3 |
| CITI | $4000 | to be set | 3.3 |

Any timely and properly filed claims subsequent to the Meeting of creditors shall be allowed as unsecured only, except as may otherwise be agreed to by the Debtor(s) and the Court. No interest shall be paid on the unsecured portion of any secured claims; and no interest shall be paid on any other claim of the Debtor(s);

  (e) Priority payments in full as allowed by the Court;
  (f) The balance of funds not being retained for administrative expenses or used for payment of secured claims shall be accumulated and distributed to unsecured creditors;
  (g) Unsecured creditors shall be paid __100__% of their claims as claims are finally determined by the Court; and no claim shall be allowed unless the creditor shall file a proof of claim within 90 days of the first date set for the Meeting of creditors; payment to unsecured creditors as allowed by the Court will be made in monthly installments of not less than $15.00.
  (h) Except to the extent specifically set forth hereinafter in this sub-paragraph, the plan makes no provision whatever for any payment to be made by the Chapter 13 Trustee on any claim that is docketed by the Clerk of the Bankruptcy Court subsequent to the deadline to file a proof of claim (the "bar date") and thereafter, on motion of the Chapter 13 Trustee, ordered by the Bankruptcy Court to be allowed only as a late-filed claim:

CLAIM NUMBER   CREDITOR   AMOUNT CLAIMED   PROPOSED PAYMENT

  (i) Any Temporary reduction in, or suspension of, installment payments under this Plan, for a period not to exceed ten (10) weeks, may be granted upon application of the Debtor(s) without notice to creditors, as the Trustee deems proper.

(8) The Trustee shall not be liable for any disbursement made pursuant to this Order, or pursuant to any other Order of this Court, if this case is hereafter determined to have been dismissed pursuant to 11 USC Section 521(i).

(9) Pursuant to notice of a hearing to determine the validity of certain liens and security interests of the kind specified in Section 522(f)(1), (2)(A), (B), or (C), in property therein described, which property the Debtor(s) may exempt, and a hearing having been conducted herein, and it having been determined that the Debtor(s) has exempted the property specified and no objection to the Debtor's(s') exemption having been made or sustained, and that the liens of the following creditor(s) impair the exemption to which the Debtor(s) would be entitled under Section 522(b); therefore, the said property shall vest in the Debtor(s) free and clear of the liens and security interests of the following named creditor(s) and the claims of any such creditor(s) shall be allowed as an unsecured claim (unless such creditor is secured by other property) upon the timely filing of proof of such claim:

  CREDITOR        SECURITY CLAIMED

  NONE

(10) The Debtor(s) has rejected as burdensome the following executory contract(s):

  NONE

Any claim timely and properly filed by a creditor arising from rejection of such executory contract(s) shall be allowed as if such claim has arisen before the date of the filing of the petition, subject to the right of the Debtor(s) or the Trustee to object to the amount of the claim. 11 U.S.C. Section 520(g).

(11) It shall be the continuing duty of the debtor(s) and his/her attorney to inform the Trustee of any change in income occurring at any time during the pendency of the plan, and also of any judicial award or settlement received in any lawsuit or proceeding and of any bequest or other windfall coming into the possession of the debtor(s) during such period of time. Upon receipt of such information, the trustee shall review the terms of the confirmed plan to be certain that such terms are still in conformity with the various provisions of Title 11 of the United States Code. Where appropriate, the Trustee shall move for "modification" of the debtor(s) Chapter 13 plan.

(12) Under 11 U.S.C. Section 1327 the property described below shall remain the property of the estate, title to which is vested in the Trustee until dismissal or closing the case or until further Order of the Court:

Dated: **OCT 2 9 2010**         BY THE COURT

                      U.S.B.J.

FILED OCT 29 2010 BANKRUPTCY COURT BUFFALO, N.Y.

TRUSTEE'S REPORT OF 341 MEETING

BK No. 10-13978

I. Debtor(s) __Raymond L. Jackson__

DBA (if any) _____

AKA (if any) _____

Attorney __Joseph Frazier__

II. Debtor Certifications:

Debtor(s) has stated under oath:

(1) All post-petition Domestic Support Obligations are paid __NA__

(2) All applicable Federal, State and Local Tax returns have been filed as required by Section 1308 __yes__

III. Plan:

A. <u>Summary</u>

Payments $ __823__ (955) per __month__

Repayment to secured __100__ %

Repayment to unsecured __100__ %

Total Debt $ __41,674__

Duration of plan __5__ years

Classification of unsecured creditors:
Class 1 (co-signed loans at 100%) _____

_____

_____

Class 2 (student loans at ____ %) _____

Class 3 _____

_____

Rejection of Executory Contracts _____↓_____

_____

Other _____

B. <u>Disposable Income</u>

(1) <u>Above- Median Income</u>

| | | |
|---|---|---|
| Current Monthly Income (CMI) | | _____ |
| Expenses per Sec. 707(b)(2)(A) & (B) | (-) | _____ |
| Disposable Income | | _____ |
| Applicable Commitment Period | x | 60 |
| Minimum Amount that must be paid To Unsecured Creditors | | _____ |

(2) <u>Below-Median Income</u>

| | | |
|---|---|---|
| Current Monthly Income (CMI) | | 2522 |
| Schedule J Expenses and reasonable debt, Priority debt and arrearage debt | (-) | 3468 |
| Disposable Income | | 0 |
| Applicable Commitment Period | x | 36 |
| Minimum Amount that must be paid To Unsecured Creditors | | 0 |

C.  <u>Feasibilty</u>

    Actual Monthly Income     **3906**

    Reasonable Expenses per Schedule J     **2973**

    Actual Monthly Excess     **833**

    Monthly Payment Proposed     **823 → 955**

D.  <u>Secured Claims</u>

| Name Creditor | Security Claimed | Perf. of Security | 341 valuation | Monthly Payment Under Plan |
|---|---|---|---|---|
| (28) Tonawanda (1092) | — tax | | | arrears |
| (21) Kay Jewelers | rings | | | fully secured |
| (6) CITI | H+G | | $4000 | |

III. <u>Best Interest of Creditors Test</u>

A. All assets listed? _____/_____ Yes _____ No

B. <u>Assets</u>

| **REAL PROPERTY** | **RESIDENCE** | **PARCEL 2** |
|---|---|---|
| Market Value | $ 190,000 | $_____ |
| Less 1st Mortgage | -$ 144,014 | -$_____ |
| Less 2nd Mortgage | -$_____ | -$_____ |
| Combined Residence Exemption (D&C 282- CPLR 5206 50,000/person | $ 50000 | $_____ |
| Less non-avoidable judgment liens | -$_____ | -$_____ |
| Real property taxes | -$ 1092 | -$_____ |
| Cost of Sale | -$_____ | -$_____ |
| Non-exempt equity | $ 0 | $_____ |

Total available for unsecured creditors $_____

**AUTOMOBILES**
Description             1969 Chevelle SS show car (1)        1997 Chevy P/U (2)

Market Value: Retail    $36,000                              $6000

   Damage

   Mileage

   Options

    Less 5%

   Total           $                                    $

Liens secured by vehicle    $                                $

Exemption (D&C
282 (1) $2400/00/person     $                                $ 2400

Non-exempt equity           $ 30,000                         $ 3600

Description                 1994 Buick (3)                   (4)

Market Value Retail:        $ 1500                           $

   Damage

   Mileage

   Options

    Less 5%

   Total           $                                    $

Lien secured by vehicle     $                                $

Exemption (D&C/2400/person) $                                $

Non-Exempt equity           $ 1500                           $

Total available for unsecured creditors $        35,100

**PERSONAL PROPERTY**

Items of personal property:

    (a) HHG  8050

    (b) Firearms

    (c) Other  Tools  1000

Total Market Value $  9050

Aggregate Exemption -$  5000
(D&C 283 (1) CPLR 5205(a) $5000.00/person

Less non avoidable
security interests  -$  4843

Available for unsecured creditors $  1000

**CASH AND ALL OTHER PROPERTY**

    Cash  7300

    Bank accounts

    Retirement accounts

    Legal causes of action

    Tax refunds

    Accounts receivable

    U.S. Bonds

    Stocks

Insurance Policies _____
(Less exemption per Insurance Law 166)

Total Market Value $_____

    Less Exemption
    (D&C 283(2))     -$_____

    Less non-avoidable
    security interests     -$_____

Available for unsecured creditors    $____**300**_____

**C.    SUMMARY OF CHAPTER 7 TEST**

1.    Total of non-exempt equity in:

    Real Property    $_____**0**_____

    Automobiles    _____**35100**_____

    Personal Property    _____**1000**_____

    Cash & all other property    _____**300**_____

    $____**36400**____

2.    Less outstanding priority federal and/or state tax    -$_____

3.    Total available in a Chapter 7 liquidation    $____**36400**____

4.    Total to be distributed to unsecured non-priority creditors under plan    $____**100**____ ?

IV. The Trustee is satisfied that the Plan was proposed in good faith with intent to comply
    with the law: ___✓___YES    _____NO, for the following reasons:

_____

_____

- 8 -

V. <u>Objections to Confirmation:</u>

VI. <u>Other comments:</u>

VII. The Trustee recommends confirmation of the Plan:

      ✓ YES

      ____ NO, for the following reasons:

_____

_____

_____

DATED: **10·25·10**    TRUSTEE <u>ALBERT J. MOGAVERO</u>

CERTIFICATE OF SERVICE BY MAIL
OF _____ CLERK
COPIES OF THIS _ORDER CONFIRMING_
WERE PERSONALLY MAILED BY ME
ON _10/27/2010_
TO:
UNDER PENALTY OF PERJURY, I DECLARE
THAT THE FOREGOING IS TRUE & CORRECT
Trustee
Debtor
Debtor's Atty